UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS FAUSTINO, *individually and on behalf of others similarly situated,*<br><br>                                    Plaintiff,<br><br>-against-<br><br>ATOMIC WINGS FRANCHISOR INC., MIRABI INC., (d/b/a DOWN THE HATCH AND ATOMIC WINGS), ADAM LIPPIN and MITCHELL BANCHIK,<br><br>                                    Defendants. | Civil Action No. 15-cv-6616 (GHW)<br><br>ECF Case |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Named Plaintiff Jesus Faustino on behalf of himself and all of his heirs, executors, administrators, attorneys, and assigns (collectively, the "Plaintiff") and Defendants Mirabi Inc. and Mitchell Banchik, on their own behalf, on behalf of their present and former directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, owners, and insurers, and on behalf of all of their parents (including but not limited to any grandparent entities, great grandparent entities, and so on), subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys (collectively "Defendants," and with Plaintiff, the "Parties") hereby agree upon this Settlement Agreement and General Release ("Agreement") as a resolution of all issues involved herein as follows:

1. **Preliminary Matters.** Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with their legal counsel, including Michael Faillace, Esq. and Joshua Androphy, Esq. of Michael Faillace & Associates, P.C. (hereinafter "Plaintiff's Counsel"), and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement. Prior to signing this Agreement, Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing and following Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms.

2. **No Admission of Liability.** The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint styled <u>Faustino v. Atomic Wings Franchisor Inc., et al.</u>, Civil Action No. 15-cv-6616 (GHW), filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involve Plaintiff's employment relationship with Defendants and the separation or termination of Plaintiff's employment relationship with Defendants.

3. **Dismissal of Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action or any other causes of action against

Defendants arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; and (3) not to institute any action against any Defendant in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of Plaintiff's claims as specified herein.

4. **Consideration.**

   A. Defendants agree to pay Plaintiff and his attorneys the maximum total sum of Fifty Five Thousand Dollars and Zero Cents ($55,000.00) as set forth and allocated in Section 7 below and Exhibit A hereto (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below. Under no circumstances shall the Settlement Payment exceed Fifty Five Thousand Dollars and Zero Cents ($55,000.00), excluding the employer's share of payroll taxes typically borne by an employer with respect to any payments made to Plaintiffs on a W-2 basis.

   B. The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties and liquidated damages. The Parties agree that Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs from the total Settlement Payment up to Eighteen Thousand Three Hundred Thirty-Three Dollars and Zero Cents ($18,333.00). If approved by the Court, these fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

   C. Plaintiff agrees that he has no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in this Settlement Agreement.

5. **General Release by Parties.**

   A. **Plaintiff.** In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which he had, now has or hereafter can, shall or may have against Defendants, arising out of, by reason of, or relating in any way whatsoever to any matter, cause or thing from the beginning of the world through the effective date of this

Agreement, including but not limited to: (i) claims arising directly or indirectly from Plaintiff's association, employment, and/or engagement with any of the Defendants, whether as an independent contractor, employee, or otherwise, and/or the termination of that association, employment, and/or engagement; (ii) claims arising directly or indirectly from the actions or inaction of Defendants; (iii) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, but not limited to, claims under the New York Labor Law, the Wage Theft Prevention Act, the New York Hospitality Wage Order, New York Order for Miscellaneous Industries and Occupations, the New York Restaurant Wage Order, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Equal Pay Act, the Immigration Reform and Control Act, the Consolidated Omnibus Budget Reconciliation Act, the Fair Credit Reporting Act, the Sarbanes Oxley Act, the Occupational Safety and Health Act, the Family and Medical Leave Act, the New York Corrections Law, the New York State Human Rights Law, the New York City Human Rights Law, each as amended, or any other federal, state, and/or local law; (iv) claims for minimum wages, overtime, commissions, and/or unpaid wages, compensation, and/or other remuneration, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, fees, tip credits, tip allowances, service charges, retained gratuities, call-in pay, tools-of-the-trade, and/or meal credits during Plaintiff's employment with any of the Defendants and/or other compensation, wages, or benefits including, but not limited to, life insurance, accidental death and disability insurance, sick leave, or other employer provided plan or program, distributions of income or profit, vacation or other leave time, retirement, pension, the use of information obtained by Defendants as a result of the offering of group health insurance coverage and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and/or local law; and (v) any other claim, whether for monies owed, reimbursement, attorneys' fees, litigation costs, damages, torts, intentional infliction of emotional distress, negligence, promissory estoppel, breach of contract, breach of an implied covenant of good faith and fair dealing, constructive discharge, wrongful discharge, defamation, fraud, misrepresentation, or otherwise, arising prior to or at the time of the execution of the Agreement, including, but not limited to, all claims asserted in the Pending Action. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date. The only exclusions from this release provision are claims for unemployment insurance and workers' compensation. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and/or for time worked.

    B. **Defendants.** Defendants release Plaintiff from any and all claims, charges, actions, and causes of action of any kind or nature that Defendants once had, could have had, or now have arising out of Plaintiff's employment with Defendants, whether such claims are now known or unknown to Defendants, from the beginning of the world to the date of the Agreement.

    6. **Plaintiff's Responsibility for Taxes**. Plaintiff assumes full responsibility for his respective portions of the Settlement Payment of any and all federal, state and local taxes or

-3-

39572576v1

contributions which may hereafter be imposed or required to be paid by Plaintiff under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement. Indeed, although the parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiff and/or any Defendant is liable for any failure by Plaintiff or Plaintiff's Counsel to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, that Plaintiff agrees to hold Defendants harmless for any such liability.

7. **Payment.**

A. In consideration of the promises of Plaintiff set forth herein, Defendants shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and final satisfaction of any and all claims that Plaintiff has or may have against Defendants, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be paid in four (4) installment payments, which each shall be due and payable as set forth below and in individual settlement amounts set forth in Exhibit A.

(i) The "First Installment Payment" consisting of a maximum portion of the Settlement Payment equal to $11,666.66, and payable in accordance with Exhibit A, shall be due to Plaintiff's Counsel no later than the latter of the following dates: (a) thirty (30) days after Plaintiff has executed this Agreement and delivered the same to Defendants' counsel at Fox Rothschild LLP (Attn: Carolyn D. Richmond), 100 Park Avenue, Suite 1500, New York, New York, 10017; (b) thirty (30) days after Plaintiff has executed and delivered to counsel for Defendants valid IRS Forms W-4 and W-9 and Plaintiff's Counsel has executed and delivered to counsel for Defendants a valid IRS Form W-9; and/or (c) thirty (30) days after the Court both approves this settlement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, and fully and finally dismisses the Pending Action with prejudice, *whichever occurs last*.

(ii) The "Second Installment Payment" consisting of a maximum portion of the Settlement Payment equal to $11,666.67, and payable in accordance with Exhibit A, shall be due to Plaintiff's Counsel within thirty (30) days after the last date the First Installment Payment is due.

(iii) The "Third Installment Payment" consisting of a maximum portion of the Settlement Payment equal to $11,666.67, and payable in accordance with Exhibit A, shall be due to Plaintiff's Counsel within thirty (30) days after the last date the Second Installment Payment is due.

(iv) The "Fourth Installment Payment" consisting of a maximum portion of the Settlement Payment equal to $20,000.00, and payable in accordance with Exhibit A, shall be due to Plaintiff's Counsel within thirty (30) days after the last date the Third Installment Payment is due.

39572576v1

(v) The "Second Installment Payment," "Third Installment Payment," and "Fourth Installment Payment" shall all be delivered to Plaintiff's attorney on the same date as the "First Installment Payment," and shall not be deposited until the dates they are due under this Section 7.

B. Concurrently with the execution of this Agreement, Defendant Mirabi, Inc. shall execute and deliver to Plaintiff's counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as Exhibit B. The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than in the event that the Defendants both (i) fail to make any of the installment payments on or before each respective payment date as set forth above in Section 7(A)(i)-(iii), and (ii) fail to cure such default within ten (10) days of receipt of written notice (to be delivered to Defendants via their counsel, Carolyn Richmond, Esq., Fox Rothschild LLP, 100 Park Avenue, 15th Floor, New York, NY 10017) of such default from Plaintiff. Any such Notice of Default shall be mailed by certified mail to the address above and deemed received five (5) days after it is mailed if addressed to the above address. Each installment or other payment made in accordance with this Agreement shall reduce the amount of judgment confessed in the Confession of Judgment by the amount of the installment payment.

C. In no event shall any settlement payment under Sections 4, 7 and Exhibit A of this Agreement be due until the Court fully and finally dismisses the Pending Action with prejudice and approves this settlement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act. The Parties agree that Plaintiff shall submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act. Nothing contained in this Agreement shall preclude or limit Defendants from prepaying any amounts set forth in this Agreement without penalty. Defendants shall be allowed to first review and comment on Plaintiff's approval application prior to its submission to the Court, as well as submit its own submission if appropriate.

D. The Parties agree that the individual settlement payments made to the Plaintiff (excluding any approved attorneys' fees and costs) will be allocated as follows for tax purposes: (i) 33% in consideration for time worked as back-wage payments and/or wage income subject to W-2 reporting and payable directly to Jesus Faustino, and (ii) 67% in consideration for liquidated damages, penalties, and interest as non-wage payments subject to 1099 reporting and payable to "Michael Faillace & Associates, P.C. *as attorneys for* Jesus Faustino." All Wage Payments (i.e., the portion set forth in Section 7(D)(i) above) shall be subject to all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") on an IRS Form W-2. All Non-Wage Payments (i.e., the portion set forth in Section 7(D)(ii) above) shall be made without any tax withholdings and shall be reflected on a Form 1099 issued to Plaintiffs' Counsel. Payments of any approved attorneys' fees and costs pursuant to this Agreement shall be made without any withholdings and Plaintiff's Counsel will receive a Form 1099 for this payment.

8. **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of

New York, without regard to principles of conflict of laws. Venue for any dispute between the parties shall lie in the United States District Court for the Southern District of New York, or the New York State Supreme Court, New York County. The Parties shall seek to have the presiding judge in this matter accept jurisdiction to enforce this Agreement and keep the case open and active on the docket until all settlement payments have been made pursuant to this Agreement, or, alternatively, to issue an order of dismissal subject to restoration by any party within one hundred twenty (120) days after the Court has approved this Agreement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, subject to restoration to enforce the terms of this Agreement should there be any default on payment. This Section 8 is a material term of this Agreement and the District Court's refusal to retain jurisdiction over the settlement pursuant to this paragraph shall void this Agreement. If any provision other than this Section 8 is determined by a court of competent jurisdiction to be invalid or unenforceable (other than Section 5, as to which all monies paid hereunder must be returned to Defendants if found to be invalid or unenforceable), the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

9. **Reemployment.** Plaintiff agrees to relinquish and hereby does relinquish any and all rights he may have to either directly or indirectly: (i) be employed by, (ii) be assigned to, (iii) work for, (iv) seek employment with or apply to, (v) accept employment with, or (vi) provide services in exchange for compensation in any capacity to (including but not limited to as an employee, independent contractor, consultant or temporary employee) Defendants. Plaintiff agrees that he will not seek, apply for, or accept any employment or assignment to which he has relinquished any rights, and that in the event he inadvertently seeks, applies for, or accepts any employment or assignment to which he has relinquished any rights he will immediately withdraw, forego, leave and/or voluntarily terminate such inquiry, application, employment and/or assignment. Defendants may also immediately terminate any employment or assignment to which Plaintiff has relinquished any rights at any time. Plaintiff agrees and understands that this provision is intended to protect the Defendants from allegations of retaliation and that this Section 9 constitutes a material provision of this Agreement.

10. **Return of Company Property.** To the extent he has not already done so, Plaintiff agrees to return to the Defendants all property of the Defendants, which is or has been in his possession, custody, or control, including but not limited to written materials, records, computer files, and documents (whether maintained in hard copy format, digitally, electronically, or in any other medium) and any copies thereof, including, but not limited to, all property of Defendants taken or received by Plaintiff during his employment or upon his separation from Defendants.

11. **Status of Settlement If Case Is Not Ultimately Dismissed.** In the event the Court fails to dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

-7-

12. **Important Acknowledgments**. It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

13. **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

14. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

15. **Execution In Counterpart and Facsimile Signatures**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement this ___th day of March, 2016.

**PLAINTIFF**

_____   Date: March 31, 2016
**JESUS FAUSTINO**

**DEFENDANTS**

By: _____   Date: March __, 2016
   **MIRABI INC.**

By: _____   Date: March __, 2016
   **MITCHELL BANCHIK**

-7-

39572576v1

-7-

12. **Important Acknowledgments.** It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

13. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

14. **No Modification Except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

15. **Execution In Counterpart and Facsimile Signatures.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement this ___th day of March, 2016.

**PLAINTIFF**

_____  Date: March __, 2016
**JESUS FAUSTINO**

**DEFENDANTS**

By: _____  Date: March 30, 2016
**MIRABI INC.**

By: _____  Date: March 30, 2016
**MITCHELL BANCHIK**

# EXHIBIT A

## TOTAL INDIVIDUAL SETTLEMENT PAYMENT AMOUNTS

| Name | Total Individual Settlement Payment |
|---|---|
| Jesus Faustino | $36,667 |
| Michael Faillace & Associates, P.C. (subject to approval by the Court) | $18,333 |
| Totals | $55,000 |

## SCHEDULE OF INSTALLMENT PAYMENTS

| Name | First Installment Check<br>Net Amount Paid by 1099 to "Michael Faillace & Associates, P.C. As Attorneys for [Plaintiff]" (without tax withholdings) |
|---|---|
| Jesus Faustino | $5,666.66 |
| Michael Faillace & Associates, P.C. (subject to approval by the Court) | $6,000.00 (to "Michael Faillace & Associates, P.C.") |
| Total First Installment | $11,666.66 |
| Name | Second Installment Check<br>Net Amount Paid by 1099 to "Michael Faillace & Associates, P.C. As Attorneys for [Plaintiff]" (without tax withholdings) |
| Jesus Faustino | $5,666.67 |
| Michael Faillace & Associates, P.C. (subject to approval by the Court) | $6,000.00 (to "Michael Faillace & Associates, P.C.") |
| Total Second Installment | $11,666.67 |
| Name | Third Installment Check<br>Net Amount Paid by 1099 to "Michael Faillace & Associates, P.C. As Attorneys for [Plaintiff]" (without tax withholdings) |
| Jesus Faustino | $5,666.67 |
| Michael Faillace & Associates, P.C. (subject to approval by the Court) | $6,000.00 (to "Michael Faillace & Associates, P.C.") |
| Total Third Installment | $11,666.67 |

39572576v1

| Name | Fourth Installment–Check 1<br>Net Amount Paid by 1099 to "Michael Faillace & Associates, P.C. As Attorneys for [Plaintiff]" (without tax withholdings) | Fourth Installment--Check 2<br>Gross Amount Paid by W-2 to Plaintiff (less all applicable tax withholdings) |
|---|---|---|
| Jesus Faustino | $1,333.50 | $18,333.50 |
| Michael Faillace & Associates, P.C. (subject to approval by the Court) | $333.00 (to "Michael Faillace & Associates, P.C.") | N/A |
| **Total Fourth Installment** | **$1,666.50** | **$18,333.50** |

# EXHIBIT B

39572576v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------x
JESUS FAUSTINO, *individually and on behalf of others similarly situated*,

      Plaintiff,

-against-

ATOMIC WINGS FRANCHISOR INC., MIRABI INC., (d/b/a DOWN THE HATCH AND ATOMIC WINGS), ADAM LIPPIN and MITCHELL BANCHIK,

      Defendants.
------------------------------x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT ON BEHALF OF MIRABI INC.**

STATE OF NEW YORK )
       : ss.:
COUNTY OF NEW YORK )

  MITCHELL BANCHIK, being duly sworn, deposes and says:

  1. I reside in New York County at 300 East 76th Street, New York, New York. I am the President of MIRABI INC. and I am duly authorized to make this affidavit of confession of judgment on behalf MIRABI INC. MIRABI INC. maintains its principal places of business at 170 West 4th Street, New York, NY 10014.

  2. Pursuant to the terms of the Settlement Agreement and General Release dated March 30th 2016 by and between JESUS FAUSTINO ("Plaintiff") and MIRABI INC., and MITCHELL BANCHIK (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in New York County against MIRABI INC. and in favor of Plaintiffs for the sum of SIXTY THOUSAND DOLLARS AND NO CENTS ($60,000).

  3. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $55,000 to Plaintiff through four installment payments.

  4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

39572576v1

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, New York County, as a judgment for $60,000 (less any amounts already paid to Plaintiff), against MIRABI INC.

6. Plaintiff and I agree that this Confession of Judgment shall be held confidentially and in escrow by Plaintiff's attorneys and shall not be filed in any court unless and until Defendants fail to cure a default as set forth in the Settlement Agreement. Upon full payment of the Settlement Payment, Plaintiff, by and through his attorneys, shall return the original of the Confession of Judgment to counsel for Defendants and shall not retain any copies thereof.

_____
MITCHELL BANCHIK

On March 30th, 2016, before me personally came Mitchell Banchik, to me known, who, by me duly sworn, did depose and say that deponent resides at 300 East 76th Street, New York, New York, that deponent is the President of Mirabi Inc., the parties described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Mirabi Inc. and was authorized to do so.

_____
Notary Public

KALEENA L BUCHHOLZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BU6289169
Qualified In Kings County
My Commission Expires September 23, 2017

39572576v1